T.C. Memo. 2005-194


UNITED STATES TAX COURT


MICHAEL JOSEPH MAJOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 16592-02, 6343-03.      Filed August 9, 2005.


Michael Joseph Major, pro se.

<u>Gregory M. Hahn</u> and <u>David Abernathy</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COLVIN, <u>Judge</u>:  Respondent determined deficiencies of $12,460 for 1999 and $10,308 for 2000 and accuracy-related penalties under section 6662(a)[1] of $2,492 for 1999 and $2,061.60 for 2000.

---

[1] Section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

The issues[2] for decision are:

1.   Whether petitioner may deduct more business expenses than respondent allowed for 1999 and 2000.  We hold that he may not.

2.   Whether petitioner is liable for self-employment tax of $5,339 for 1999 and $4,313 for 2000.  We hold that he is.

3.   Whether petitioner is entitled to the earned income credit for 1999 and 2000.  We hold that he is not.

4.   Whether petitioner is liable for accuracy-related penalties under section 6662(a) for 1999 and 2000.  We hold that he is.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.   Petitioner

Petitioner lived in Anacortes, Washington, when he filed the petition.  In 1999 and 2000, he was a self-employed journalist.

Petitioner has six children:  Mark, Matthew, Miranda, Martin, Melanie, and Marlon.  Martin and Marlon were his dependents in 1999.

B.   Petitioner's 1999 and 2000 Tax Returns and Respondent's Computational Corrections to Petitioner's Returns

Petitioner timely filed Federal income tax returns for 1999 and 2000.  He included with each of those returns a Schedule C,

_____

[2] Respondent determined that petitioner is entitled to a child tax credit of $1,000 on his 1999 and 2000 tax returns.

Profit or Loss From Business, for his journalism activity. Petitioner listed his six children as dependents on his 1999 return but claimed personal exemptions only for himself, Martin, and Marlon. He also claimed three personal exemptions on his 2000 return. Petitioner attached to his 1999 and 2000 returns Schedule EIC, Earned Income Credit, on which he listed Martin and Marlon. However, he did not claim the earned income credit for 1999 and 2000.

1. Corrections to Petitioner's 1999 Return

Because petitioner claimed exemptions for only two of his children for 1999, respondent allowed petitioner a dependency exemption for each of his four other children (Mark, Matthew, Miranda, and Melanie). On the Schedule C attached to his 1999 return, petitioner reported gross receipts of $60,152, expenses of $41,512, and net income of $15,918. Respondent corrected a computational error in the amount of net income petitioner reported, resulting in an increase of $2,722 and an increase in petitioner's self-employment tax of $1,509. Respondent also increased the amount of petitioner's self-employment tax deduction. Petitioner claimed a $6,250 standard deduction for head of household on his 1999 return. The correct amount for 1999 was $6,350. Respondent corrected that error. Respondent also allowed petitioner an earned income credit of $2,791 for 1999.

On the basis of respondent's adjustments to petitioner's 1999 return, respondent concluded that petitioner's tax liability was $2,633.58, which was offset by the earned income credit of $2,791, resulting in an overpayment of $157.42. Respondent applied the overpayment to taxes petitioner owed for 1995.

2.   Corrections to Petitioner's 2000 Return

Petitioner attached to his 2000 return Schedule D, Capital Gains and Losses, on which he reported short-term capital losses of $4,499.51. He did not claim a short-term capital loss on his Form 1040, U.S. Individual Income Tax Return. Respondent allowed a short-term capital loss of $3,000. Petitioner claimed a $6,350 standard deduction for head of household on his 2000 return; the correct amount for 2000 was $6,450. Respondent corrected that error. Respondent also allowed petitioner an earned income credit of $2,596 for Martin and Marlon for 2000.

On the basis of respondent's adjustments to petitioner's 2000 return, respondent concluded that petitioner's tax liability was $2,861, which was offset by the allowed earned income credit of $2,596, resulting in a net balance due of $265. Petitioner paid the $265, plus interest, on June 22, 2001.

C.   Notices of Deficiency

Respondent sent notices of deficiency to petitioner for 1999 and 2000. Respondent disallowed petitioner's claimed Schedule C business expenses of $37,792 (including $2,023 for bad debts,

$6,799 of car and truck expenses, $1,240 of mortgage interest,
$2,800 of legal and professional expenses, $21,453 of office
expenses, and a $3,477 home office deduction) for 1999 and
$30,523 (including $7,110 of legal and professional expenses and
$23,412 of office expenses) for 2000. Respondent disallowed
dependency exemptions of $8,250 for 1999 for Mark, Miranda, and
Melanie,[3] disallowed the earned income credit of $2,791 for 1999
and $2,596 for 2000, and increased petitioner's self-employment
tax (and self-employment tax deduction) for 1999 and 2000.

D.    Petitioner's Constitutional Claims

Petitioner filed a pretrial memorandum in which he
criticized respondent's revenue agents and respondent's counsel,
alleged that respondent had a personal vendetta against him, and
alleged that respondent had violated his rights under the U.S.
Constitution and various civil rights statutes.

At trial, petitioner repeated the allegations made in his
pretrial memorandum.

---

[3] Petitioner did not claim a dependency exemption on his
1999 return for Matthew, but respondent allowed that exemption in
the notice of deficiency.

OPINION

A.  Whether Petitioner May Deduct More Business Expenses Than Respondent Allowed for 1999 and 2000

Petitioner contends that he may deduct more expenses for his journalism activity for 1999 and 2000 than respondent allowed ($3,720 for 1999 and $7,650 for 2000).  We disagree.

A taxpayer must keep records that are sufficient to enable the Commissioner to determine his or her tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  A taxpayer must substantiate the payments which give rise to claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); see sec. 6001.  Petitioner has the burden of establishing that he is entitled to the deductions claimed.[4]  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioner did not offer any evidence that he was entitled to deduct more business expenses for 1999 and 2000 than respondent allowed.

Petitioner urges this Court to allow him to deduct the amounts he had deducted on his tax returns, and he contends his deductions were reasonable.  However, it is not enough that

_____

[4] The burden of proof for a factual issue may shift to the Commissioner under certain circumstances.  Sec. 7491(a). Petitioner does not contend that he meets the requirements of sec. 7491(a), however.

petitioner asserts that his deductions were reasonable; he must provide adequate proof. See <u>Wilkinson v. Commissioner</u>, 71 T.C. 633, 639 (1979); <u>Roberts v. Commissioner</u>, 62 T.C. 834, 837 (1974) (a tax return does not establish the correctness of the facts stated in it).

We conclude that petitioner may not deduct more business expenses than respondent allowed for 1999 and 2000.

B.    <u>Whether Petitioner Is Liable for Self-Employment Tax for 1999 and 2000</u>

As discussed at paragraph A above, respondent disallowed Schedule C expenses for 1999 and 2000. Respondent determined that petitioner is liable for additional self-employment tax under section 1401 of $5,339 for 1999 and $4,313 for 2000 and that he may deduct under section 164(f) self-employment tax of $2,671 for 1999 and $2,157 for 2000.

Section 1401 imposes a tax on an individual's self-employment income. The self-employment tax is imposed on net earnings of $400 or more derived by an individual from a trade or business carried on by him. Sec. 1402(a) and (b).

Petitioner did not prove that respondent's determination of his liability for self-employment tax was incorrect. We sustain respondent's determination.

C.    Whether Petitioner Is Entitled to the Earned Income Credit for 1999 and 2000

An individual may be eligible for an earned income tax credit. Sec. 32(a)(1). An eligible individual is one who either: (1) Has a qualifying child as defined by section 32(c)(3)(A), or (2) meets the requirements of section 32(c)(1)(A)(ii).

For the 1999 tax year, the earned income credit is completely phased out for an individual with more than one qualifying child if the taxpayer's earned income and adjusted gross income exceed $30,580. Sec. 32(a)(2); Rev. Proc. 98-61, 1998-2 C.B. 811, 814. Petitioner's earned income and adjusted gross income were $52,444 in 1999. For the 2000 tax year, the earned income credit is completely phased out for an individual with more than one qualifying child if the taxpayer's adjusted gross income exceeds $31,152. Sec. 32(a)(2); Rev. Proc. 99-42, 1999-2 C.B. 568. Petitioner's earned income and adjusted gross income in 2000 were $44,185. Petitioner is therefore not entitled to the earned income credit for 1999 or 2000.

D.    Whether Petitioner Is Liable for the Accuracy-Related Penalty for 1999 and 2000

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose additions to tax. To meet this burden, the Commissioner must produce evidence showing that it is appropriate to impose the particular addition

to tax but need not produce evidence relating to defenses such as reasonable cause or substantial authority. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

Petitioner did not keep records or substantiate his deductions. Respondent concedes that petitioner is not liable for the accuracy-related penalty on that part of the underpayment attributable to the disallowed dependency exemptions. Petitioner is also not liable for the accuracy-related penalty on that part of the underpayments for 1999 and 2000 attributable to the disallowed earned income credit because petitioner did not claim earned income credits for 1999 and 2000. Respondent allowed petitioner earned income credits for those years. Thus, respondent has met the burden of production, except with respect to the penalty attributable to the disallowed dependency exemptions for 1999 and the disallowed earned income credits for 1999 and 2000. Petitioner did not show that he acted with reasonable cause or in good faith. We conclude that petitioner is liable for the accuracy-related penalty for 1999 and 2000, except that he is not liable for the accuracy-related penalty attributable to the disallowed dependency exemptions for 1999 and the disallowed earned income credits for 1999 and 2000.

E.    Petitioner's Procedural and Constitutional Arguments

Petitioner alleges various instances of misconduct by respondent's employees during the audit of his 1999 and 2000 returns.  Petitioner contends that:  (1) Respondent improperly increased the number of dependency exemptions that petitioner reported on his 1999 return and then used the later denial of those same dependency exemptions as a basis for initiating an unlawful audit of petitioner's 1999 return; (2) respondent improperly rejected petitioner's offer in compromise; and (3) respondent and the Court have illegally conspired to violate the U.S. Constitution, RICO statutes, civil rights statutes, the IRS Restructuring and Reform Act of 1998, the Internal Revenue Code, the ABA Code of Professional Responsibility, and the Code of Judicial Conduct.  We disagree.

There is no evidence supporting petitioner's allegations. Petitioner has not shown that respondent's agents engaged in unconstitutional or illegal conduct.  On his 1999 tax return, petitioner listed his six children as dependents but claimed only three personal exemptions.  Upon receiving petitioner's 1999 return, respondent allowed petitioner the benefit of four additional dependency exemptions.  On audit, however, respondent determined that petitioner was not entitled to dependency exemptions for three of the four children for whom he did not claim exemptions on his 1999 return.  Respondent's actions with

respect to petitioner's 1999 return appear to be respondent's good faith attempt to give petitioner the benefit of what appeared to be valid dependency exemptions. Respondent's actions were not illegal or unconstitutional, and they cast no doubt on the validity of the notice of deficiency for 1999.

We lack jurisdiction to consider petitioner's contentions regarding his offer in compromise because our jurisdiction in this case is limited to redetermining petitioner's correct tax liabilities for 1999 and 2000.

To consider petitioner's contentions concerning a conspiracy or vendetta against him, we would have to consider evidence of respondent's conduct other than that stated in the notices of deficiency. The notices directly pertain to petitioner and were issued after an audit. Petitioner has not alleged any conduct by respondent sufficient to cause us to look behind the statutory notices of deficiency under Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974). We are satisfied that petitioner raises no issue warranting that we look behind the statutory notices of deficiency.

Petitioner contends that Bennett v. Commissioner, T.C. Memo. 1997-505, created an exception to this rule when there is substantial evidence of unconstitutional conduct by the Commissioner.

Petitioner has not shown substantial evidence of unconstitutional conduct by respondent. Essentially, respondent's decisions in these cases were to audit petitioner's returns, to disallow business expense and home office deductions for lack of substantiation, to adjust self-employment tax due as a computational adjustment, to allow a child tax credit, and to disallow certain dependency exemptions and the earned income credit. There is nothing in the record showing that respondent's determination of the deficiencies in the notices of deficiency was arbitrary or that it involved unconstitutional conduct, and in the absence of such a showing this Court does not look behind a notice of deficiency to ascertain the Commissioner's motives in determining a deficiency or an addition to tax. Moreover, these are not cases in which review of respondent's actions preceding the issuance of the deficiency notices is necessary to determine the merits of respondent's substantive determination of a deficiency. Petitioner made only vague and unsubstantiated allegations which do not persuade us that he is entitled to relief from liability for the income tax deficiencies and penalties at issue in these cases.

To reflect the foregoing,

Decisions will be entered under Rule 155.